IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| GINO MARTIN, | * | |
| Petitioner, | * | |
| v. | * | Civil Action No. DKC-22-3338 |
| WARDEN, FEDERAL CORRECTIONAL INSTITUTION – CUMBERLAND,[1] | * | |
| | * | |
| Respondent. | | |

\*\*\*

## MEMORANDUM OPINION

Gino Martin, incarcerated in Federal Correctional Institution – Cumberland, Maryland, filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, seeking correction of an error in calculating jail time credit.  ECF No. 1.  Respondent filed a Motion to Dismiss, or in the alternative, for Summary Judgment, seeking dismissal of the Petition.  ECF No. 7.  Respondent's motion will be construed as an Answer.  Although the instant Petition is not one filed pursuant to 28 U.S.C. § 2254, this court may apply the same rules to any habeas petition filed that is not covered by Rule 1(a).  *See* Rule 1(b).  *Edwards v. Hutchinson*, No. CV92101113DCCMHC, 2021 WL 5361836, at \*2 (D.S.C. Aug. 24, 2021), *report and recommendation adopted*, No. 9:21-CV-01113-DCC, 2021 WL 4739390 (D.S.C. Oct. 12, 2021), aff'd, No. 21-7625, 2022 WL 989386 (4th Cir. Apr. 1, 2022).  The Rules Governing Section 2254 Cases provide that an Answer, together with all relevant documents, be filed in response to a Petition.  *See* Rule 5(b) and (c).  The court is not required to hold an evidentiary hearing if the

---

[1] The proper respondent in an action for habeas corpus is Mr. Martin's custodian.  *See* 28 U.S.C. § 2242; *Rumsfeld v. Padilla*, 542 U.S. 426, 435-36 (2004).  The Warden of Federal Correctional Institution – Cumberland, the facility where Mr. Martin is incarcerated, is the proper respondent in this case.  The Clerk shall amend the docket accordingly.

record refutes Petitioner's factual allegations or otherwise precludes habeas relief. *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007). No hearing is necessary to resolve the matters pending before the court. *See* Local Rule 105.6 (D. Md. 2023). For the reasons that follow, the Petition will be denied and dismissed.

I.   **Background**

   A.   **Factual Summary**

Mr. Martin was arrested on June 23, 2016, in Euclid, Ohio for driving on a suspended license and possession of drugs. ECF No. 7-2 at 3, ¶ 7. He was released on bond on June 25, 2016. *Id*. Mr. Martin was arrested again in Euclid, Ohio on August 18, 2016, on an outstanding warrant for possession of fentanyl and cocaine. *Id*. at ¶ 8. He was released on bond two days later. *Id*. On August 26, 2016, Mr. Martin was arrested by Euclid Police for trafficking and possession of drugs. *Id*. at 4, ¶ 9. These three arrests culminated in Mr. Martin's indictment on September 13, 2016, in the United States District Court for the Northern District of Ohio on charges of possession with intent to distribute and distribution of heroin and fentanyl and possession with intent to distribute and distribution of fentanyl in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). ECF No. 7-2 at 20, *see also United States v. Gino Martin*, Crim. Case 1:16-CR-00297 (N.D. Ohio 2016).

The day prior, on September 12, 2016, Mr. Martin had been sentenced in Ohio state court to a combined 30-month term on two earlier state charges (Case Numbers CR-15-598407-A and CR-16-602359-A), and he began serving that sentence at the Ohio Department of Rehabilitation and Correction on September 15, 2016. ECF Nos. 1, at 2; 7-2, at 11. Mr. Martin was subsequently transferred to federal custody "via writ of habeas corpus ad prosequendum," and on October 4, 2016, he was arraigned on his federal charges. ECF No. 7-2 at 4, ¶ 12. He pleaded guilty on

January 30, 2017, and was sentenced on May 16, 2017, to two concurrent 120-month terms of confinement that were also made concurrent with the 30-month sentence imposed in Ohio state court. *Id*. at 20-21. On May 31, 2017, Mr. Martin was returned to state custody to complete service of his state sentences. *Id*. at 4, ¶ 14. Mr. Martin received another state sentence of 36 months with 136 days jail time credit after pleading guilty to abduction. ECF No. 7-2 at 28. The sentence was imposed on December 17, 2018, and was made concurrent to his federal sentence. *Id*.

On July 23, 2021, Mr. Martin was released from the Ohio Department of Corrections to the custody of the United States Marshal Service. *Id*. at 5, ¶ 16. On August 23, 2021, Mr. Martin was sent to Federal Correctional Institution – Cumberland, where his projected release date, based on good conduct time, has been calculated as October 29, 2025. *Id.* at 5, ¶ 17; 31. The beginning date for sentence computation is May 16, 2017, and he received "jail credit" for 23 days: June 23-25, 2016, August 18-20, 2016, and August 26-September 11, 2016. *Id.* at 34.

B.   **Petitioner's Claims**

Mr. Martin argues that he is entitled to receive credit for time spent in custody prior to his federal sentencing on May 16, 2017. ECF No. 1 at 3. He inconsistently claims in certain parts of his Petition that he should receive credit for that time period starting on August 26, 2016, and at other times that the period should start on September 16, 2016.[2] He asserts that he was transferred from state custody to federal custody on August 26, 2016. ECF No. 1 at 2. This is contradicted by the record, including the writ issued on September 21, 2016, which says that he was detained at Lorain Correctional Institution as of that date. ECF No. 7-2 at 14. In any event, as previously

---

[2] It is unclear why he chose September 16 rather than September 15, 2016, which is the date he says he began his state sentence. ECF No. 1 at 2.

noted, Mr. Martin did receive credit for August 26-September 11, 2016. *Id.* at 34. Thus, Mr. Martin's Petition will be construed as seeking credit for September 16, 2016, through May 16, 2017.

Mr. Martin asserts that the federal sentencing judge "ordered that [he] receive jail time credit" for that time. ECF No. 1 at 3.[3] Moreover, it is his view that he was in federal custody at that time and that those eight months were not credited against another sentence. *Id.* at 5.

---

[3] Mr. Martin cites to the criminal docket for Case No. 1:16-cr-00297-SO-1 for the assertion that the court ordered that he receive jail time credit from September 16, 2016, to May 16, 2017. While the docket reflects that the sentence was to be concurrent with the state sentence and that he "shall receive credit for time served," the docket does not specify the dates for which credit should be granted. *See* ECF Nos. 33 and 34:

> 33.     Minutes of proceedings before Judge Solomon Oliver, Jr. Sentencing held on 5/16/2017, for Gino D. Martin (1). Defendant is committed to the custody of Bureau of Prisons for a term of 120 months on each of Counts 1 and 4 to be served concurrently (and run concurrent with state sentence) followed by 3 years Supervised Release on each count to run concurrently, with standard/special condition. $200 Special Assessment. Counts 2-3 are dismissed upon motion of the United States. Recommendation to BOP: Defendant shall participate in the 500 hour drug treatment program; participate in the Inmate Financial Responsibility Program at a rate of at least 15% of his gross monthly income; and receive the maximum time in a half-way house pursuant to the Second Chance Act. Defendant shall receive credit for time served and was advised of his right to appeal. Defendant shall forfeit the following in U.S. Currency: $4894, $2076, and $819. (Court Reporter: Donnalee Cotone) Time: 1 hour. (D,M) (Entered: 05/16/2017)
>
> 34.     Judgment as to Gino D. Martin (1). Defendant committed to the custody of the Bureau of Prisons for a term of 120 months on Counts 1 and 4 to run concurrent (and run concurrent with state sentence in Case CR-16-602359A). Upon release for imprisonment, Defendant shall be placed on 3 years Supervised Release, on each count, to run concurrent. Standard/special conditions of supervised release imposed. $200 Special Assessment. Count(s) 2-3 are dismissed upon motion of the United States. Forfeiture of $4,894.00; $2076.00; and $819.00 in U.S. Currency. Recommendations to BOP: Defendant shall participate in the 500 hour drug treatment program; Inmate Financial Responsibility Program at a rate of at least 15% of his gross monthly income; and he shall receive the maximum time in half-way house pursuant to the Second Chance Act. Signed by Judge Solomon Oliver, Jr on 5/17/2017. (D,M) (Entered: 05/17/2017)

**II.     Discussion**

As will be explained, although Mr. Martin was in physical custody of the federal authorities for a period of time, he remained in the legal custody of the state of Ohio and was receiving credit on his Ohio sentences. And, while the federal judge ordered his 120-month federal sentence to run concurrent to those Ohio sentences, that does not mean that he gets credit for all the time he was in custody of the state of Ohio serving those sentences. Rather, it means that, as of the imposition of the federal sentence on May 16, 2017, the federal sentence began to run even though Mr. Martin was returned to the Ohio authorities to complete the state sentences. The Bureau of Prisons ("BOP") has properly calculated Mr. Martin's sentence and the pre-sentence credit to which he is entitled, and the Petition will be denied and dismissed.

The following legal framework and principles apply. First, generally, under 18 U.S.C. § 3585(a), "[a] sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served."

Second, a federal judge may order a federal sentence to run concurrently or consecutively to a previously imposed state sentence. *See* 18 U.S.C. § 3584. When a federal judge specifies that a sentence is to run concurrent to a state sentence a prisoner is already serving, the BOP is responsible for implementing that order. As applicable to Mr. Martin's situation, BOP Program Statement 5880.28 defines the "commencement date" of his sentence:

> b. Commencement (Beginning Date) of Sentence. 18 U.S.C. § 3585(a) establishes the rule for commencement of sentence and states, "(a) Commencement of sentence.– A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service at, the official detention facility at which the sentence is to be served." If the prisoner is serving no other federal sentence at the time the sentence is imposed, and is in exclusive federal custody (not under the jurisdiction of a federal writ of habeas corpus ad prosequendum) at the time of sentencing on the

5

>basis of the conviction for which the sentence is imposed, the sentence commences on the date of imposition, even if a state sentence is running along concurrently. If the prisoner is, however, serving another federal sentence at the time a new sentence is imposed, then 18 U.S.C. § 3584 (Multiple sentences of imprisonment) must be followed as discussed in paragraph e. of this chapter.
>
>    \* \* \* \*
>
>A prisoner who is in non-federal custody at the time of sentencing may begin service of the federal sentence prior to arriving at the designated federal facility if the non-federal facility is designated in accordance with the Program Statement on Designation of State Institution for Service of Federal Sentence and 18 USC § 3621 (Imprisonment of a convicted person). This type of designation is ordinarily made only upon the recommendation of the sentencing court.
>
>In no case can a federal sentence of imprisonment commence earlier than the date on which it is imposed.

As noted in *Rabb v. Wilson*, No. 1:13CV999 TSE/TRJ, 2015 WL 731475, at \*4 (E.D. Va. Feb. 19, 2015):

>Under § 3621(b), the BOP has authority to designate a state institution for concurrent service of a federal sentence. This situation ordinarily occurs when "primary custody resided with the non-federal jurisdiction and the federal sentencing court intended its sentence to be served concurrently with the non-federal sentence." BOP Program Statement 5160.05(9)(a) (January 16, 2003). In other words, if an inmate was in state custody when sentenced, and the federal court determined that it would be proper for his federal sentence to run concurrently to that state sentence, the BOP can determine how best to implement the resulting sentencing scheme.

It is the responsibility of the United States Attorney General, the Department of Justice, and the Federal Bureau of Prisons to compute sentences of prisoners committed to the custody of the United States or the District of Columbia and apply credit where it is due. *See* 18 U.S.C. § 3624; *see also Leavis v. White*, 898 F.2d 154 (6th Cir. 1990) (citing *United States v. Norman*, 767 F.2d 455, 457 (8th Cir.1985)); *United States v. Clayton*, 588 F.2d 1288, 1292 (9th Cir.1979); *United States v. Mitchell*, 845 F.2d 951, 952 (11th Cir.1988). Under 18 U.S.C. § 3585(b), a defendant is not entitled to credit toward the service of a term of imprisonment for time spent in

official detention prior to the date the sentence begins if the period of time in question has been credited against another sentence. *See McClain v. Bureau of Prisons*, 9 F.3d 503, 505 (6th Cir. 1993) (intent of 18 U.S.C. § 3585(b) is to prevent double credit incurred before commencement of sentence).

Mr. Martin seeks credit for the time from September 16, 2016, through May 16, 2017. ECF No. 1 at 3. At that time, he was serving his state sentences in CR-15-598407-A and CR-16-602359-A as of September 12, 2016, the date his state sentences were imposed, through May 16, 2017, the date his federal sentence was imposed. ECF No. 7-2 at 4, ¶¶ 10-13. He was transferred to the federal authorities temporarily via a writ, but the state of Ohio did not relinquish primary jurisdiction by that action. This is the application of the "primary jurisdiction" principle. When "an inmate has sentences imposed by federal and state authorities, the sovereign that arrested him first acquires and maintains primary jurisdiction over him until the sentence imposed by that sovereign has been satisfied." *Dickens v. Stewart*, No. DKC 13-0795, 2014 WL 858977, at *2 (D. Md. Mar. 4, 2014) (citing *United States v. Evans,* 159 F.3d 908, 912 (4th Cir. 1998)). When "a state maintains primary jurisdiction over a defendant, federal custody under a federal criminal sentence 'commences only when the state authorities relinquish the prisoner on satisfaction of the state obligation.'" *Id.* (quoting *Evans*, 159 F.3d at 912). As explained in *Evans*, 159 F.3d at 911-12, because "the federal writ of habeas corpus *ad prosequendum* merely loans the prisoner to federal authorities," "[a] federal sentence does not commence until the Attorney General receives the defendant into [his] 'custody' for service of that sentence," unless "the Attorney General or the Bureau of Prisons agrees to designate the state facility for service of the federal sentence." *Id.* (citing 18 U.S.C. § 3585(a)). Here, the BOP calculated the commencement date of Mr. Martin's sentence as the date it was imposed, thus designating the state facilities for service of that sentence

until he was relinquished to the federal authorities at the conclusion of his state sentences. The sentencing date of May 16, 2017, is therefore the earliest possible date for commencement of the federal sentence.

Mr. Martin seeks more, however, and wants "credit" for the time he was serving the state sentences before his federal sentencing. Under § 3585(b), Mr. Martin may not have credit against his federal sentence for the period of time he was serving his state sentence because that time was credited against his state sentence. As explained above, although he was on loan to the federal authorities, he remained in state custody serving those state sentences.

As previously noted, Mr. Martin was granted some credit for time in custody prior to imposition of his state sentence under *Willis v. United States*, 438 F.2d 923, 925 (5th Cir. 1971), which requires that prior custody credits be given for "any time spent in non-federal presentence custody that begins on or after the date of the federal offense *up to the date that the first sentence begins to run*, federal or non-federal." *See* BOP Program Statement 5880.28 at p. 54 (emphasis added).[4] Thus, he was not entitled to any additional *Willis* credits for time after his state sentence began.

## III. Conclusion

Based on the evidence before the court, no error has been made in the award of jail time credit to Mr. Martin. By separate Order which follows, the court shall deny and dismiss the Petition.

/s/
DEBORAH K. CHASANOW
United States District Judge

---

[4] *See* https://www.bop.gov/PublicInfo/execute/policysearch (last viewed July 5, 2023).